IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PIERRO L. JACKSON | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-07-CV-1546-G |
| JUDGE KEN TAPSCOTT, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Pierro L. Jackson, a Texas prisoner, against Ken Tapscott, a Texas judge, and John Warren, the Dallas County Clerk. On September 10, 2007, plaintiff tendered a nine-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 19, 2007. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, who is no stranger to this court,[1] is currently serving a 25-year sentence on a state drug conviction. While incarcerated, plaintiff filed a civil action in Texas state court against his insurance company, Allstate. According to plaintiff, the presiding judge in that case, Ken Tapscott, and the court clerk, John Warren, have violated his constitutional rights by: (1) engaging in ex parte communications; (2) failing to assist him in obtaining proper service on Allstate; (3) threatening to dismiss the case unless plaintiff personally appears or moves for a default judgment; and (4) failing to rule on certain motions. By this suit, plaintiff seeks $300,000 in damages and a default judgment against Allstate in the state civil action.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

---

[1] In addition to this lawsuit, plaintiff has filed six civil actions in the Northern District of Texas during the past three years. Four cases have been either summarily dismissed or decided adversely to plaintiff. *Jackson v. State of Texas*, No. 3-04-CV-2390-M, 2005 WL 39079 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 221358 (N.D. Tex. Jan. 28, 2005) (mandamus proceeding summarily dismissed as frivolous); *Jackson v. No Named Respondent*, No. 3-05-CV-1978-H, 2006 WL 2739339 (N.D. Tex. Sept. 26, 2006) (mandamus proceeding summarily dismissed as frivolous); *Jackson v. State of Texas*, No. 3-06-CV-1801-G (N.D. Tex. Dec. 11, 2006) (denying motion for leave to file application for writ of habeas corpus); *Jackson v. Quarterman*, No. 3-07-CV-0223-N, 2007 WL 1138645 (N.D. Tex. Apr. 16, 2007), *appeal pending*, No. 07-10502 (denying request for expungement of criminal records). One case was voluntarily dismissed by plaintiff. *Jackson v. State of Texas*, No. 3-05-CV-0563-N (N.D. Tex. Jun. 14, 2005). Another case is still pending. *Jackson v. Quarterman*, No. 3-06-CV-0494-G.

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Judge Ken Tapscott. It is well-settled that judges are immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Because Judge Tapscott was acting within the scope of his authority in communicating with the parties, managing his docket, and determining what orders to issue in the state civil action, he is entitled to absolute judicial immunity.

C.

Nor has plaintiff stated a claim against Dallas County Clerk John Warren. Court officials are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority unless their conduct violates a "clearly established . . . constitutional right [ ] of which a reasonable person would have known." *Davis v. Hamlin*, No. 3-04-CV-2601-BD, 2005 WL 2036258 at *2 (N.D. Tex. Aug. 24, 2005), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Plaintiff alleges two distinct constitutional violations in his complaint and interrogatory answers: (1) the denial of his right of access to the courts; and (2)

the violation of his right to equal protection under the laws. The court will address each alleged constitutional violation in turn.

1.

Prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997). However, the right of access is not unlimited. "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson*, 110 F.3d at 310-11, *quoting Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered "actual injury." *Lewis*, 116 S.Ct. at 2180. This, in turn, requires proof that the denial of access "hindered his efforts to pursue a legal claim." *Id.*

Judged against this standard, plaintiff has failed to state a constitutional claim. First, plaintiff has not been prevented from filing a civil action against his insurance company. To the contrary, a lawsuit has been filed and remains pending. Second, plaintiff has suffered no "actual injury." In *Lewis*, the Supreme Court held that the "actual injury" requirement "is not satisfied by just any type of frustrated legal claim." *Id.* at 2181. Instead, an access claim must involve a direct appeal or collateral attack of the criminal conviction for which the prisoner is incarcerated, or a civil action to vindicate "basic constitutional rights." *Id.* at 2181-82 (citing cases). Stated differently:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 2182. Here, plaintiff alleges that the court clerk impeded his ability to prosecute a civil lawsuit against his insurance company. Such a claim, which does not implicate plaintiff's criminal conviction or involve a "basic constitutional right," does not rise to the level of a constitutional violation.

2.

Plaintiff further alleges that the actions of the court clerk violated his right to equal protection under the laws. In order to state an equal protection claim, plaintiff must show that he "received treatment different from that received by similarly-situated individuals and that the unequal treatment stemmed from discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004); *see also Smith v. Hamlin*, No. 3-99-CV-0007-P, 1999 WL 1044600 at *2 (N.D. Tex. Nov. 17, 1999), *aff'd*, 226 F.3d 641 (Table), 2000 WL 1029018 (5th Cir. Jul. 7, 2000). Although plaintiff is "poor," "Black," and "incarcerated," he fails to allege any facts which, if proved, would establish that the court clerk treated other civil litigants differently or that his treatment of plaintiff stemmed from discriminatory intent. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) ("Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes, . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient.").

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE